UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ELVIS HAROLD REYES,

    *Petitioner,*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

No. 26-cv-11179-RGS

---

## REPORT AND RECOMMENDATION

LEVENSON, U.S.M.J.

### INTRODUCTION

Elvis Harold Reyes, a person incarcerated at Federal Medical Center, Devens, in Massachusetts, filed *pro se* a motion entitled "motion for review and appeal of violation of the Eighth Amendment of the U.S. Constitution" in the United States Court of Appeals for the First Circuit. *See Reyes v. United States*, No. 25-8030 (1st Cir. filed Dec. 11, 2025). Reyes also filed a brief under seal and a motion to proceed *in forma pauperis*.

On March 5, 2026, the Court of Appeals found that Reyes "failed to demonstrate that [the First Circuit] may entertain the [motion]" and transferred Reyes' motion to the District of Massachusetts to determine whether the motion "may be entertained as a habeas petition of some sort and/or whether the [motion] may be construed as some other type of filing within the jurisdiction of the district court." *See* Judgment, *Reyes*, No. 25-8030 (1st Cir. Mar. 5, 2026).

As set forth below, I recommend that the Court treat Reyes' motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismiss for lack of jurisdiction.

## I.     Reyes' pro se motion

Reyes' four-page, handwritten motion was entered on this Court's docket as a petition for writ of habeas corpus. Leaving aside formal labels, this is plainly a motion for relief from a previously imposed sentence: Reyes states that he hopes that the court "grants his motion and gives him time serve[d] and release[s] him" from custody. Docket No. 1-2 at 7.

The case caption in the motion references Reyes' criminal case as *United States v. Reyes*, No. 8:20-cr-111.[1] Docket No. 1-2 at 5. Court records reflect that Reyes was prosecuted in the Middle District of Florida on charges of mail fraud and aggravated identity theft. After entering a guilty plea, Reyes was sentenced to a 249-month term of imprisonment.[2] Corrected Judgment, *Reyes*, No. 8:20-cr-00111-VMC-AAS-1, Dkt. No. 82 (M.D. Fla. Apr. 23, 2021).

Reyes contends that his sentence is excessive and violates the Eighth Amendment's protections against cruel and unusual punishment. Docket No. 1-2 at 5. Reyes contends that his "health issues place him at a high risk of death making the given sentence a life sentence." Docket No. 1-2 at 6. He further contends that "the crime does not meet the punishment making it excessive and cruel and unusual punishment violating his Eighth Amendment" rights. Docket No. 1-2 at 7. In addition, Reyes contends that his medical conditions and medical care history place him at "a serious risk of future injury." Docket No. 1-2 at 6.

The docket in Reyes' criminal case reflects that this is not Reyes' first request for post-sentence relief. In April of this year, the sentencing court (M.D. Florida) denied a motion under

---

[1] Although the case number listed in the motion was not complete, the Court located the full case number and docket through the CM/ECF system.

[2] The Court may take judicial notice of these proceedings. *See Wiener v. MIB Grp., Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Rodi v. S. New England Sch. of L.*, 389 F.3d 5, 19 (1st Cir. 2004))).

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *See* Order, *Reyes*, No. 8:20-cr-00111-VMC-AAS-1, Dkt. No. 180 (M.D. Fla. Apr. 14, 2026). The sentencing court also denied Reyes' request for compassionate release. Endorsed Order, *Reyes*, No. 8:20-cr-00111-VMC-AAS-1, Dkt. No. 181 (M.D. Fla. Apr. 14, 2026). Although Reyes sought to file a supplement to his previously-filed motion for compassionate release, he did not appeal the decisions denying his motion for compassionate release or his motion pursuant to Section 2255.

## II.    Report and Recommendation

Here, Reyes seeks to have this Court reduce a sentence that was imposed by a federal judge in Florida, arguing that the sentence imposed is excessive in light of his health conditions. Although the district court has the power to issue a writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), the writ of habeas corpus is not ordinarily a proper vehicle for attacking a criminal conviction and/or sentence that was entered by another court. Instead, Congress has expressly provided that such relief may be sought via a motion to the sentencing court, under Section 2255.

"Congress enacted 28 U.S.C. § 2255 as a substitute for the traditional habeas remedy with respect to federal prisoners." *Ramos-Martinez v. United States*, 638 F.3d 315, 320 (1st Cir. 2011) (quoting *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008)). Thus, a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241 except in very limited circumstances, namely, if a Section 2255 "motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This "saving clause" is construed very narrowly and only extends to "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023); *see Trenkler*, 536 F.3d at 99 (the saving clause applies in cases where "the configuration of section 2255 is such 'as to deny a convicted

3

defendant *any* opportunity for judicial rectification'" (citation omitted) (emphasis in original)); *United States v. Barrett*, 178 F.3d 34, 38 (1st Cir. 1999) (cautioning that a prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241").

A federal prisoner cannot rely on the saving clause to raise a challenge to a conviction or sentence, even if such a challenge would otherwise be barred by the restrictions that limit second or successive Section 2255 motions.[3] As the Supreme Court has emphasized, "the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of [the two conditions quoted in footnote 3] is satisfied." *Jones*, 599 U.S. at 477–78. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause." *Id.* at 480.

We must construe Reyes' motion generously because he is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. S. New England Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004). But even in the most generous view, Reyes' present action cannot satisfy the saving clause of Section 2255(e). "A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second

---

[3] Second or successive § 2255 motions are limited to circumstances involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Reyes does not argue that he is actually innocent of the charges underlying his guilty plea or that he did not commit the crimes for which he was sentenced. Nor has he identified any change in the applicable law.

or successive' requirements. Such a result would make Congress's AEDPA amendment of

§ 2255 a meaningless gesture." *Barrett*, 178 F.3d at 50.

Section 2241 (habeas) does not provide a cognizable avenue for relief in this case, and

there are no special circumstances here that would bring this case within the ambit of the saving

clause of Section 2255(e).

Accordingly, the claim here must be dismissed for lack of jurisdiction.

CONCLUSION

For the foregoing reasons,

I **RECOMMEND** that the Court:

(1) treat the motion for review and appeal of violation of the Eighth Amendment of the

U.S. Constitution (Docket No. 1-2 at 5–8) as a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241;

(2) **DENY** such motion and **DISMISS** the case for lack of jurisdiction; and

(3) **DENY AS MOOT** Reyes' motion to proceed *in forma pauperis* (Docket No. 1-2 at

20–23).

/s/ Paul G. Levenson
Paul G. Levenson
Dated: July 9, 2026                                    U.S. MAGISTRATE JUDGE

NOTICE OF RIGHT TO OBJECT

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate

review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).